No. 12,106.

BURTON v. MILLER, INTERVENER.

Decided June 10, 1929.

Mr. FRANK L. HAYS, Mr. DAVID L. MILLS, Mr. JOE H. ROSS, for plaintiff in error.

Mr. JOEL E. STONE, Mr. GLENN L. DALY, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

R. W. BURTON brought a replevin action to recover possession of certain wheat and beans grown by Flora Mitchell upon land owned by H. W. Miller. Miller inter-

vened, alleging that Mrs. Mitchell was an employee of his and as such employee was in possession of the chattels, and also alleging that Mrs. Mitchell "was entitled to an undivided one-half of said chattels, subject to certain claims for labor, seed and other materials due said H. W. Miller," and that Miller was and is entitled to the possession of, and was and is the owner of, said chattels, "subject to the said right of said Flora Mitchell." These allegations were denied by Burton, and the trial was solely upon the issues raised by the pleadings of Burton and Miller.

One-fourth of the crops had been delivered to Miller, and Mrs. Mitchell had given to Burton a bill of sale of her interest, described as "her three-fourths interest," in the crops.

Burton contends that the court erred in instructing the jury as follows:

"If you should find the issues herein as testified to by Mrs. Mitchell to the effect that the contract was that Mr. Miller was only to receive one-quarter of the crop, you are instructed that under the contract of crop between Mr. Miller and Mrs. Mitchell, Mr. Miller is entitled to recover from Mr. Burton whatever expenses he went to and advanced in carrying on this crop. He testified that it amounted to $1696.53. Some portion of that was disputed, but whether he is entitled to one-quarter of the crop or to one-half of the crop he is entitled, in either event, to what money you may find by a preponderance of the evidence that he expended under his contract with Mrs. Mitchell. * * *

"If the contract between Mr. Miller and Mrs. Mitchell was a contract of one-half—fifty-fifty, as she testified, then he is entitled to one-half of the crop, together with whatever money he advanced for the purpose of raising that crop. If it was one-quarter, then he has been paid that, and he would only be entitled to recover whatever amount of money he advanced."

168

■ If the action were between Miller and Mrs. Mitchell, there would be no doubt of the correctness of the instruction. If, under undisputed evidence, Mrs. Mitchell was a mere cropper, the instruction was correct in the present action. But if there was sufficient evidence to justify a finding by the jury that the relation between Miller and Mrs. Mitchell was that of landlord and tenant, the giving of the instruction was reversible error, for in the absence of an agreement giving the landlord a lien upon the tenant's crops—and there was no such agreement in the present case—no such lien exists.

There was evidence introduced by Miller that would justify the inference that Mrs. Mitchell was to receive a share of the crops merely as compensation for her labor in raising the crops. If that was the agreement, she was a cropper, as distinguished from tenant. But there was evidence introduced by Burton that tended to show that the relation between Miller and Mrs. Mitchell was that of landlord and tenant; that there was an oral letting of the land, one-fourth of the crops to go to Miller as rent, Miller being an unsecured creditor of Mrs. Mitchell's to the extent of his expenditures. Mrs. Mitchell testified that "We were to have that place as long as we wanted it—one year or more"; that Miller repeatedly promised to make out a written lease, but failed to do so; that "we" were to give him one-fourth of the crops, delivered; that he was to get back whatever money he advanced; and that Mrs. Mitchell had her five sons working with her on the farm. One of Mrs. Mitchell's sons, Melville, who heard the conversation between his mother and Miller, testified that Miller "was not to get that money back first; he was to take it out of our account at the bank * * * after we delivered that one-quarter." Upon the order of Miller, one-fourth of the crops was delivered to the Farmers' Elevator Company and the Trinidad Bean and Elevator Company.

■ The jury found that Miller "is entitled to the one-

fourth crop already received." This shows that the jury credited Mrs. Mitchell's testimony relative to the share Miller was to receive, rather than the testimony of Miller, who said that he was to receive one-half. Under the instruction, supra, the jury was obliged to find, and did find, that Miller was "entitled to " the amount of money advanced by him. If the jury believed the testimony introduced by Burton with reference to the agreement, it should have been permitted to return a verdict in favor of Burton. The instruction made this impossible.

For the error of the court in giving the instruction, the judgment is reversed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.